FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 29 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01565-BNB

KIMBERLY VELEZ,

    Plaintiff,

v.

D.O.C./D.W.C.F.,
D.W.C.F./MEDICAL, and
LT. CHAVEZ,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Kimberly Velez, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Women's Correctional Facility in Denver, Colorado. Ms. Velez, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that her constitutional rights were violated. She asks for money damages.

The Court must construe the Complaint liberally because Ms. Velez is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Velez will be ordered to file an Amended Complaint and assert how each named party violated her constitutional rights.

Ms. Velez is suing improper parties. Ms. Velez may not sue the Colorado Department of Corrections or the Denver Women's Correctional Facility. The State of

Colorado and its agencies are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Also, Defendant Denver Women's Correctional Facility Medical is not a person for the purpose of a § 1983 action. Ms. Velez must name in the caption specific employees in the medical department who are responsible for the alleged constitutional deprivations and demonstrate in the text of the Complaint, under Section D., "Cause of Action," how each one personally participated in the asserted claims. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

To establish personal participation, Ms. Velez must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her

supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.* ,___ F.3d ___, 2010 WL 3064002 (10th Cir. 2010) (Tymkovich, J., concurring).

Ms. Velez also is instructed that to state a claim in federal court, she must explain in her Amended Complaint what each defendant did to her, when the defendant did the action, how the action harmed her, and what specific legal right she believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Ms. Velez file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Ms. Velez shall obtain the court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Ms. Velez fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED July 29, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01565-BNB

Kimberly Velez
Prisoner No. 137716
Denver Women's Corr. Facility
PO Box 392005
Denver, CO   80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 29, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk