IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01565-MJW

KIMBERLY VELEZ,

Plaintiff,

v.

SERGEANT F. CASIAS,
NURSE RENEE (D.W.C.F. Unit 6 Graveyard Nurse), and
LIEUTENANT K. CHAVEZ,

Defendants.

**ORDER ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 30)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

Initially, this case was before Magistrate Judge Boyd N. Boland pursuant to an Order Referring Case (Docket No. 18) issued by Chief Judge Wiley Y. Daniel on October 11, 2011.  On November 1, 2011, plaintiff Kimberly Velez filed Consent to Jurisdiction of a Magistrate Judge (Docket No. 21).  Defendants filed consent (Docket No. 23) shortly thereafter on November 3, 2011.  Pursuant to 28 U.S.C § 636(c), Chief Judge Daniel entered an Order of Reference (Docket No. 24) and this matter was reassigned for all purposes to this court (Docket No. 25) on November 14, 2011.

**PLAINTIFF'S ALLEGATIONS**

*Pro se* prisoner plaintiff Kimberly Velez's initial complaint (Docket No. 1), brought under 42 U.S.C. § 1983, was filed on June 15, 2011.  On July 29, 2011, Magistrate Judge Boland entered an order (Docket No. 6) dismissing plaintiff's claims against the

2

Department of Corrections, the Denver Women's Correctional Facility, and the Denver Women's Correctional Facility Medical.  Magistrate Judge Boland further directed plaintiff to file an amended complaint with additional detail as to her remaining claims.

On August 24, 2011, plaintiff filed her first amended complaint (Docket No. 9). Three additional amended complaints (Docket Nos. 12, 13, 14) were filed on October 5, 2011.  After examining the amended complaints, the court concludes that Docket No. 13 in conjunction with Docket No.14 (collectively the "Complaint") represent plaintiff's claims as they currently stand.  Plaintiff alleges the following in the Complaint.

Plaintiff's claims stem from two distinct incidents which occurred on October 8, 2010 and December 18, 2010 at the Denver Women's Correctional Facility.  On October 8, 2010 at approximately 9:15 a.m., plaintiff covered her cell door window in order to gain privacy as she used the bathroom.  Shortly thereafter, an unidentified male guard told plaintiff to uncover her cell door window, which plaintiff refused to do.  Five minutes later, defendant Lieutenant K. Chavez ("Chavez") told plaintiff to remove the cover.  After plaintiff complied, Chavez informed plaintiff that she would be placed on special controls for covering for cell door window.  In response, plaintiff got angry and tied something around her neck.  Chavez and some number of additional officers entered plaintiff's cell to remove the object from plaintiff's neck.  At some point, Chavez kicked plaintiff in the head and plaintiff began crying.  Plaintiff then "called the officers a [sic] bitch" and Chavez replied by stating that "no one in here is a bitch but you, you nigger."  Plaintiff was then taken to an "ob-cell" where female officers stripped her while Chavez watched through the cell door window.  Plaintiff was placed in multi-tiered restraints while wearing a t-shirt and panties.  Plaintiff felt "very uncomfortable" that

Chavez was around during this process. Chavez further upset plaintiff by telling her to move so he could spray her in the face with pepper spray.

The second incident occurred on December 18, 2010 at approximately 7:30 p.m when plaintiff was in her cell and began to feel "shaking and very light headed." Plaintiff pressed a button in her cell and let defendant Sergeant F. Casias ("Casias") know that she was not feeling well. Casias informed plaintiff that he was going to contact medical personnel. Five to ten minutes later, Casias told plaintiff that defendant Nurse Renee ("Renee") would not be coming because plaintiff's condition was not life threatening. At some point following, plaintiff stood up to use the bathroom and had a seizure causing plaintiff to hit her head on the toilet. Plaintiff's fall caused a mark on her right temple.

Plaintiff asserts three claims for relief: (1) "refusing to call medical a second time" against Casias; (2) refusal to provide medical treatment against Renee; and (3) assault, sexual harassment, and "calling [plaintiff] a racial name" against Chavez.

**PENDING MOTION**

Now before the court is Defendants' Motion to Dismiss (Docket No. 30). Plaintiff did not file a response to defendants' motion. Defendants' argue the following: (1) plaintiff claims should be dismissed for failure to exhaust administrative remedies; (2) plaintiff's claims should be dismissed to the extent they are asserted against defendants' in their official capacities; (3) plaintiff's claims fail to state an Eighth Amendment violation; and (4) defendants are entitled to qualified immunity.

The court has carefully considered the Complaint (Docket No. 13 & 14) and Defendants' Motion to Dismiss (Docket No. 30). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil

Procedure and case law.  The court now being fully informed finds and orders as follows.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  Motions to dismiss pursuant to Rule 12(b)(1) take two forms.  First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  See id. at 1003.  A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.  See id.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations

5

omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'"  Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'"  Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the

6

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se.* The court, therefore, reviews her pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys . Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues). "The plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Therefore, defendants do not waive the exhaustion defense by waiting to raise it, even on the eve of trial. Id.

Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 741 (2001)). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." Booth, 532 U.S. at 741 n.6. "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." Beaudry, 331 F.3d at 1167.

The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir.

8

2007). "'[A] district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue' unless the complaint conclusively shows a failure to exhaust." Markovich v. Correct Care Solutions, 406 Fed. Appx. 264, 265 (10th Cir. 2010) (quoting Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)).

The Colorado Department of Corrections ("CDOC") has a multi-step administrative grievance process available to inmates set forth in its regulations which entails first a written informal grievance and then a formal three-step written grievance procedure. See CDOC Administrative Regulation 850-4.

Here, plaintiff's prisoner complaint contains two questions regarding administrative relief. The first question asks if there is a formal grievance procedure at the institution in which plaintiff is confined. The second question asks if plaintiff has exhausted all administrative remedies. Plaintiff answered "no" to each of these questions.

Plaintiff's complaint, on its face, conclusively shows a failure to exhaust. By stating (incorrectly) that her institution does not have a formal grievance procedure, and further stating that she did not exhaust all administrative remedies, it is clear that plaintiff took no steps to exhaust the administrative remedies which were available to her. Indeed, it is difficult to conceive of a complaint which on its face more conclusively shows a failure to exhaust. On this basis alone, the court can properly dismiss plaintiff's claims. In addition, plaintiff's failure to respond to defendants' motion to dismiss, in which defendants raised the exhaustion issue, shows that plaintiff was given the opportunity to address the exhaustion issue and failed to do so.

**WHEREFORE,** for the foregoing reasons, it is hereby

9

**ORDERED** that Defendants' Motion to Dismiss (Docket No. 30) is **GRANTED** and plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies.  Defendants' motion is **DENIED AS MOOT** on all other grounds.

Date:  May 11, 2012                             s/ Michael J. Watanabe
       Denver, Colorado                         Michael J. Watanabe
                                        United States Magistrate Judge